FILED

12/03/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0342

DA 22-0342

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 291N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JEREMY CHRISTOPHER HOLMQUIST,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-21-109C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Abigail Coburn, Ryan & Miller, PLLC, Missoula, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          Travis Ahner, Flathead County Attorney, Andrew C. Clegg, Deputy County Attorney, Kalispell, Montana

          Submitted on Briefs:  August 21, 2024

                  Decided:  December 3, 2024

Filed:

                      _____
                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeremy Christopher Holmquist appeals from his September 16, 2021 conviction by a jury of the offense of Failure to Register as a Sexual Offender in violation of § 46-23-507, MCA. We affirm.

¶3 On March 25, 2021, the State charged Holmquist for failing to register as a sexual offender in Flathead County. The case went to a two-day jury trial on September 15 and 16, 2021. At trial, during cross-examination of Detective Buls, one of the State's witnesses, defense counsel questioned Buls about Holmquist's registration status in Missoula, which he did not have personal knowledge of. On redirect, the State elicited the following:

> [State:] Detective, as your position with the SVOR,[1] have you been in touch with Missoula authorities and investigated that address?
>
> [Buls:] Yes, I did.
>
> [State:] Was he still noncompliant between those dates?
>
> [Defense:] Objection; hearsay.
>
> THE COURT: Overruled. You may answer.
>
> [Buls:] Yes.

---

[1] The Sex and Violent Offender Registry.

The State then rested its case. The jury convicted Holmquist, and the court sentenced him to Montana State Prison for five years as a persistent felony offender. Holmquist appeals.

¶4 Holmquist argues that the District Court erred in admitting a hearsay statement and that this error prejudiced his right to a fair trial. The State responds that even if the District Court did err in admitting the statement, the error was harmless. We need not discuss whether the District Court erred in admitting the statement because we hold that even if it did err, it was harmless.

¶5 Holmquist argues that admission of the statement was trial error and was not harmless. "Trial error is not presumptively prejudicial and therefore not automatically reversible." *State v. Payne*, 2011 MT 35, ¶ 35, 359 Mont. 270, 248 P.3d 842 (internal quotation omitted). Instead, it is only reversible if "the record shows that the error was prejudicial." Section 46-20-701(1), MCA. If the evidence goes to the proof of an element of the crime, the State must show admissible evidence that proved the same facts as the tainted evidence and that the quality of the tainted evidence was such that there was no reasonable possibility that it might have contributed to the defendant's conviction. *State v. Van Kirk*, 2001 MT 184, ¶ 44, 306 Mont. 215, 32 P.3d 735. If the evidence does not go to the proof of an element of the crime, the admission will be deemed harmless if the State shows no reasonable possibility exists that the admission might have contributed to the defendant's conviction. *Payne*, ¶ 37.

¶6 Here, even if Buls's statement went to an element of the crime, the State has overcome its burden to show other admissible evidence that proved the same facts, and that the quality of Buls's statement did not contribute to Holmquist's conviction. Although the

3

State charged Holmquist with failure to register or keep registration current *in Flathead County*, the jury was instructed that the State only needed to prove "that the Defendant failed to register or keep his registration current." Thus, it could be argued that being noncompliant *in Missoula*—as Buls's statement may tend to show—was evidence going towards an element of the crime.

¶7 Nevertheless, the State showed admissible evidence that proved the same fact—that Holmquist failed to register or keep his registration current. The State showed that Holmquist registered in Flathead County on December 7, 2017, and subsequently reported a change of residence several times. In May 2019, Holmquist reported he was moving to Missoula. He did not report a change of residence or that he was homeless in Flathead County at any time before March 2021. On December 27, 2019, a police officer for the city of Kalispell, Tara Oster, was called to an address on Two Mile Drive in Flathead County where Holmquist was. Holmquist told Oster that he was homeless but had been staying with his girlfriend on Two Mile Drive. He also informed Oster that he had a job in Kalispell. Oster told him he needed to register to become compliant with the law. Holmquist acknowledged he was noncompliant. Twelve days later, after Oster ran his name through the database and saw that he still had not registered, Oster emailed the SVOR supervisor in Kalispell informing her that Holmquist was still not registered. There was sufficient evidence to prove that Holmquist had failed to register in Flathead County, where he admitted to living and working. *Payne*, ¶ 40.

¶8 The State also showed the quality of the tainted evidence was such that there was no reasonable possibility that it might have contributed to Holmquist's conviction. The

4

admissible evidence the jury had before it came from Holmquist's own admissions to Oster, which is qualitatively superior to the evidence Holmquist argues was hearsay. *See Van Kirk*, ¶ 44 (providing example of superior quality of defendant's own admission compared to improperly admitted hearsay evidence). Additionally, the State did not dwell on the allegedly improper comment and did not bring it up in closing arguments, instead focusing on the admissible evidence discussed above. We hold that the State has shown that the allegedly improper comment was such that there was no reasonable possibility that it contributed to Holmquist's conviction.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE